## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

SWIFT TRANSPORTATION COMPANY, INC.                    PLAINTIFF

v.                          No. 4:10CV00151 JLH

JOSEPH TURNER; CHUCK GIBSON;
PAT SAVAGE, Circuit Clerk of Drew County,
Arkansas; DAVID JOHNSON, Sheriff, Ashley
County, Arkansas; RICK ANDERS, Sheriff,
Bradley County, Arkansas; RONALD NICHOLS,
Sheriff, Chicot County, Arkansas; JIM SNYDER,
Sheriff, Desha County, Arkansas; and
MARK GOBER, Sheriff, Drew County, Arkansas          DEFENDANTS

## ORDER

On March 4, 2010, Swift Transportation Company, Inc., filed a verified complaint and petition for temporary restraining order. On March 5, 2010, the Court conducted a hearing by telephone on the petition for temporary restraining order. Swift Transportation Company, Inc., appeared through its attorneys, Rex M. Terry, Peter G. Kumpe, and Andrew King. Joseph Turner appeared through his attorney, Charles S. Gibson. Chuck Gibson appeared pro se. The remaining defendants did not appear.

At the conclusion of the hearing, the Court made findings of fact and conclusions of law on the record. A certified copy of the Court's findings of fact and conclusions of law are attached hereto and incorporated herein.

For the reasons stated, the petition for temporary restraining order is denied. Document #1.

IT IS SO ORDERED this 5th day of March, 2010.

J. Leon Holmes
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

1    [Court's ruling excerpted from telephone hearing on motion

2    for temporary restraining order, held on March 5, 2010, as

3    follows:]

4         THE COURT:  All right.  Last call, if there's anything

5    anybody wants to say.  All right.  Hearing nothing.

6         I have spent as much time as I could possibly spend this

7    morning reading the file and doing research, and I have

8    concluded that the most appropriate thing for the Court to do is

9    to abstain under the *Younger* doctrine and also the *Colorado*

10   *River* abstention, citing *Younger v. Harris*, 401 U.S. 37, 91

11   S.Ct. 746, 21 L.Ed.2d 669, and *Juidice v. Vail*, 430 U.S. 327, 97

12   S.Ct. 1211, 51 L.Ed. 376, 1977 case, extending *Younger* to a

13   civil litigation case between two civil parties in which, as a

14   part of the enforcement of a judgment, one of them was held in

15   contempt in state court and sought to enjoin that going forward.

16        Under *Younger* abstention --

17        MR. KUMPE:  Judge, we're not hearing you.

18        THE COURT:  You need to hear me.  Did you get the part

19   about *Younger*?

20        MR. KUMPE:  Yeah.

21        THE COURT:  Did you get *Juidice*?  *Juidice v. Vail*, 430

22   U.S. 327.  "Abstention is appropriate in the *Younger* doctrine

23   when the state proceedings are ongoing," which they are here,

24   "the proceedings implicate important state interests," and I

25   believe that's present here because the state has an important

interest in being able to enforce its own judgments, "and the state proceedings provide an adequate opportunity to raise federal questions." I think that's true here and that was the reason for the first question that I asked. I think that every question, every question at issue raised in this case can be raised in the Circuit Court of Drew County, and so I think that *Younger* abstention is directly on point and I think that it's the most appropriate way for me to rule on that.

I would also say that I think *Colorado River* abstention is appropriate -- and this would be *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483. It's a 1976 case. And I know you all are probably familiar with it, or at least some of you I know are, and others I suspect you are too. And the other case that's the parallel case is *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765, a 1983 case.

And the *Colorado River* abstention doctrine requires an analysis of six factors: The assumption of jurisdiction by either court over a res or property. That's happened here. The clerk of the court down there has issued a writ of execution, and pursuant to that writ, it seems to me that that property is now under the jurisdiction of the Circuit Court of Drew County.

The second one is the inconvenience of the federal forum. I don't think the federal forum is inconvenienced at all, so

1   that does not weigh in favor of applying the doctrine, or
2   against it.

3           MR. KUMPE:  We're losing you.

4           THE COURT:  Three, the avoidance of piecemeal
5   litigation.  That is the third factor.  And I think that clearly
6   here there's going to be piecemeal litigation if I don't
7   abstain.

8           Fourth, the order in which jurisdiction was obtained.  It's
9   clear that the court in Drew County has had jurisdiction for a
10  very long time over this case, the Arkansas Court of Appeals
11  also has jurisdiction, and, in some measure, both of them long
12  before the case was filed here.

13          Fifth, whether state or federal law provides the rule of
14  decision.  It's a little bit mixed here, but most is going to
15  have to do with state law, whether state law has been followed
16  in applying for and obtaining the writ of execution and carrying
17  them out.  There's no claim here that the state law itself is
18  unconstitutional.  The real claim is they're not following state
19  law.  And so the first question, before we get to any federal
20  question, is whether state law has been followed.

21          And then finally, again, whether the state court proceeding
22  will adequately protect the rights of the parties seeking to
23  invoke federal jurisdiction.  And I have no reason to believe
24  that the state courts can't do that.

25          And so for both the *Younger* abstention, and pursuant to

1  *Younger* and *Colorado River*, I'm going to abstain from

2  intervening and let the processes in the state courts run their

3  course.

4       [Excerpt ended.]

5                    C E R T I F I C A T E

6       I, Eugenie M. Power, Official Court Reporter, do hereby

7  certify that the foregoing is a true and correct transcript of

8  Court's ruling excerpted from the hearing held on March 5, 2010.

9

10  /s/ Eugenie M. Power, RMR, CRR, CCR        Date:  March 5, 2010
    United States Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                    Eugenie M. Power, RMR, CRR, CCR
                    United States Court Reporter