IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SWIFT TRANSPORTATION COMPANY, INC.                                    PLAINTIFF

v.                              No. 4:10CV00151 JLH

JOSEPH TURNER; CHUCK GIBSON;
PAT SAVAGE, Circuit Clerk of Drew County,
Arkansas; DAVID JOHNSON, Sheriff, Ashley
County, Arkansas; RICK ANDERS, Sheriff,
Bradley County, Arkansas; RONALD NICHOLS,
Sheriff, Chicot County, Arkansas; JIM SNYDER,
Sheriff, Desha County, Arkansas; and
MARK GOBER, Sheriff, Drew County, Arkansas                            DEFENDANTS

## ORDER

On March 4, 2010, Swift Transportation Company, Inc., filed a verified complaint and petition for temporary restraining order. On March 5, 2010, the Court conducted a hearing by telephone on the petition for temporary restraining order. Swift Transportation Company, Inc., appeared through its attorneys, Rex M. Terry, Peter G. Kumpe, and Andrew King. Joseph Turner appeared through his attorney, Charles S. Gibson. Chuck Gibson appeared pro se. The remaining defendants did not appear.

At the conclusion of the hearing, the Court made findings of fact and conclusions of law on the record. A certified copy of the Court's findings of fact and conclusions of law are attached hereto and incorporated herein.

For the reasons stated, the petition for temporary restraining order is denied. Document #1.

IT IS SO ORDERED this 5th day of March, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

[Court's ruling excerpted from telephone hearing on motion for temporary restraining order, held on March 5, 2010, as follows:]

THE COURT:  All right.  Last call, if there's anything anybody wants to say.  All right.  Hearing nothing.

I have spent as much time as I could possibly spend this morning reading the file and doing research, and I have concluded that the most appropriate thing for the Court to do is to abstain under the *Younger* doctrine and also the *Colorado River* abstention, citing *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 21 L.Ed.2d 669, and *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed. 376, 1977 case, extending *Younger* to a civil litigation case between two civil parties in which, as a part of the enforcement of a judgment, one of them was held in contempt in state court and sought to enjoin that going forward.

Under *Younger* abstention --

MR. KUMPE:  Judge, we're not hearing you.

THE COURT:  You need to hear me.  Did you get the part about *Younger*?

MR. KUMPE:  Yeah.

THE COURT:  Did you get *Juidice*?  *Juidice v. Vail*, 430 U.S. 327.  "Abstention is appropriate in the *Younger* doctrine when the state proceedings are ongoing," which they are here, "the proceedings implicate important state interests," and I believe that's present here because the state has an important

1  interest in being able to enforce its own judgments, "and the
2  state proceedings provide an adequate opportunity to raise
3  federal questions."  I think that's true here and that was the
4  reason for the first question that I asked.  I think that every
5  question, every question at issue raised in this case can be
6  raised in the Circuit Court of Drew County, and so I think that
7  *Younger* abstention is directly on point and I think that it's
8  the most appropriate way for me to rule on that.
9       I would also say that I think *Colorado River* abstention is
10 appropriate -- and this would be *Colorado River Water*
11 *Conservation District v. United States*, 424 U.S. 800, 96 S.Ct.
12 1236, 47 L.Ed.2d 483.  It's a 1976 case.  And I know you all are
13 probably familiar with it, or at least some of you I know are,
14 and others I suspect you are too.  And the other case that's the
15 parallel case is *Moses H. Cone Memorial Hospital v. Mercury*
16 *Construction Corporation*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d
17 765, a 1983 case.
18      And the *Colorado River* abstention doctrine requires an
19 analysis of six factors:  The assumption of jurisdiction by
20 either court over a res or property.  That's happened here.  The
21 clerk of the court down there has issued a writ of execution,
22 and pursuant to that writ, it seems to me that that property is
23 now under the jurisdiction of the Circuit Court of Drew County.
24      The second one is the inconvenience of the federal forum.
25 I don't think the federal forum is inconvenienced at all, so

```
 1   that does not weigh in favor of applying the doctrine, or
 2   against it.
 3             MR. KUMPE:  We're losing you.
 4             THE COURT:  Three, the avoidance of piecemeal
 5   litigation.  That is the third factor.  And I think that clearly
 6   here there's going to be piecemeal litigation if I don't
 7   abstain.
 8        Fourth, the order in which jurisdiction was obtained.  It's
 9   clear that the court in Drew County has had jurisdiction for a
10   very long time over this case, the Arkansas Court of Appeals
11   also has jurisdiction, and, in some measure, both of them long
12   before the case was filed here.
13        Fifth, whether state or federal law provides the rule of
14   decision.  It's a little bit mixed here, but most is going to
15   have to do with state law, whether state law has been followed
16   in applying for and obtaining the writ of execution and carrying
17   them out.  There's no claim here that the state law itself is
18   unconstitutional.  The real claim is they're not following state
19   law.  And so the first question, before we get to any federal
20   question, is whether state law has been followed.
21        And then finally, again, whether the state court proceeding
22   will adequately protect the rights of the parties seeking to
23   invoke federal jurisdiction.  And I have no reason to believe
24   that the state courts can't do that.
25        And so for both the Younger abstention, and pursuant to
```

1   *Younger* and *Colorado River*, I'm going to abstain from
2   intervening and let the processes in the state courts run their
3   course.
4          [Excerpt ended.]
5                        C E R T I F I C A T E
6          I, Eugenie M. Power, Official Court Reporter, do hereby
7   certify that the foregoing is a true and correct transcript of
8   Court's ruling excerpted from the hearing held on March 5, 2010.
9
10  /s/ Eugenie M. Power, RMR, CRR, CCR        Date:  March 5, 2010
    United States Court Reporter